**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Crim. No. 10-165 (DSD/JJK) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| (1) Gayle Deann Claus, and<br>(3) Stacie Marie Ott, | |
| Defendants. | |

Charles J. Kovats, Esq., and John R. Marti, Esq., Assistant United States Attorneys, counsel for Plaintiff.

Jon M. Hopeman, Esq., Felhaber Larson Fenlon & Vogt, PA, counsel for Defendant Claus.

William G. Cottrell, Esq., Cottrell Law Firm, PA, counsel for Defendant Ott.

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the Court on Defendant Gayle Deann Claus' Motion for Severance and for Disclosure of Co-Defendants' Statements (Doc. No. 57), and Defendant Stacie Marie Ott's Motion to Sever Defendant (Doc. No. 85), and Motion for Disclosure of Co-Defendants Statements (Doc. No. 77). This Court held a hearing on the motions on September 1, 2010. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1.

For the reasons stated below, this Court recommends that Defendants' motions be denied.

## BACKGROUND

Defendants Gayle Deann Claus and Stacie Marie Ott have been charged with one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1371. (Doc. No. 1.) The Government alleges that Defendants Claus and Ott took part in a conspiracy to fraudulently obtain loan proceeds by making materially false representations and promises and withholding material information about the residential property purchases orchestrated by agents of TJ Waconia LLC, and other affiliated entities (the "TJ Group"). (*Id.*) The Government alleges that Defendant Claus was an employee at Complete Real Estate Services, Inc., a company affiliated with TJ Waconia LLC, and that she falsified the income of nominal purchasers on a loan application, directed that an appraisal be falsified, and fraudulently purchased properties from TJ Waconia and received kickbacks in connection with those fraudulent purchases. (*Id.*) As to Defendant Ott, the Government alleges that she was a licensed contract appraiser for Absolute Inc., a company affiliated with TJ Waconia LLC, and that she transmitted an invoice for her fee for the preparation of a fraudulent appraisal used to obtain mortgage proceeds. (*Id.*)

**I.    Motions for Severance**

Defendants Ott and Claus have filed motions for severance requesting that they be given a separate trial. (Doc. Nos. 57, 77, 85.) Two or more defendants

may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together. . .[because] they promote efficiency and serve the interests of justice by avoiding the scandal and inequality of inconsistent verdicts." *Zafiro v. United States,* 506 U.S. 534, 537 (1993) (internal quotation marks and citations omitted). Persons charged with conspiracy should generally be tried together, and it will rarely be improper for co-conspirators to be tried together. *United States v. Kindle*, 925 F.2d 272, 277 (8th Cir. 1991); *United States v. Stephenson,* 924 F.2d 753, 761 (8th Cir. 1991), *cert. denied*, 502 U.S. 813 (1991).

The propriety of joinder under Rule 8 is a question of law, though relief from a legally permissible joinder may be obtained as an exercise of discretion on motion for severance due to prejudice, pursuant to Fed. R. Crim. P. 14. *United States v. Patterson,* 140 F.3d 767, 774 (8th Cir. 1998). Availability of the Rule 14 remedy permits broad construction of Rule 8 in favor of initial joinder. *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984). A court should "grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Defendants Ott and Claus have been indicted on one count of conspiracy to commit mail fraud. Under these circumstances, the general rule in the federal system is that the co-conspirators should be tried together. This Court may grant severance if it appears that a defendant is prejudiced by a joinder of defendants at trial. Fed. R. Crim. P. 14. A court should "grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Here, Defendants have not shown that severance of co-defendants is necessary either to avoid a risk of compromising any specific trial right to which each Defendant is entitled, or to prevent the jury from making an unreliable judgment as to the guilt or innocence of each of them.

Defendants Ott and Claus generally contend that severance from their co-defendants is warranted because evidence admissible against their co-defendants would be inadmissible against them. (Doc. Nos. 57, 85.) They claim that the resulting prejudice could not be mitigated with a limiting instruction because the jury would be confused. (*Id.*) However, neither Defendant Ott nor Defendant Claus makes a particularized showing of how the evidence would prejudice either of them individually. *See United States v. Finn*, 919 F. Supp. 1305, 1323-24 (D. Minn. 1995) (to prevail under Rule 14, Defendants "must each make a showing of real prejudice to themselves individually"). Without such a showing, this Court declines to grant a severance. Even if Defendants Ott or

4

Claus can make some showing of "spillover effect," they are not entitled to severance "simply because evidence may be admissible as to [a co-defendant] but not as to [them]." *United States v. Helmel*, 769 F.2d 1306, 1322 (8th Cir. 1985). The values of justice and efficiency gained by joint trials cannot be overcome without a more exacting showing by Defendants.

The cases that Defendants Ott and Claus cite for support that severance should be granted are all distinguishable. *United States v. McCarter*, 316 F.3d 536, 539–40 (5th Cir. 2002), *United States v. Hersh*, 297 F.3d 1233, 1243 (11th Cir. 2002), and *United States v. Dockery*, 955 F.2d 50, 53 (D.C. Cir. 1992), deal with issues regarding severance of joinder of offenses as opposed to joinder of defendants. Moreover, the defendants in *McCarter, Hersh,* and *Dockery* were able to specifically identify the prejudice they would suffer—the introduction of evidence that they had prior felony charges or convictions—whereas here, Defendants Ott and Claus do not specifically identify any evidence that would be prejudicial against them.

Next, Defendants Ott and Claus argue that their co-defendants could make statements inadmissible against them, but that directly implicate them. (Doc. Nos. 57, 85.) Defendants Ott and Claus claim that this would violate their Sixth Amendment Constitutional right to confront witnesses against them in the event their co-defendants decide to make a statement, but then not to testify. (*Id.*) This Court cannot agree with the Government at this time that any of Defendants' post-arrest statements that implicate another Defendant can be redacted

consistent with *Bruton v. United States*, 391 U.S. 123 (1968), because to the extent that any statements have already been made, no such statements have been offered to this Court for *in camera* review.  Thus, this Court cannot evaluate whether limiting instructions can be used with respect to any such evidence.  Accordingly, this Court recommends that Defendants Ott and Claus's motion for severance be denied without prejudice so that any potential *Bruton* issues can be evaluated upon judicial review of the statements the Government intends to offer and any proposed redactions that could be made.

II.     **Motions for Disclosure of Co-Defendants' Statements**

In the context of their severance motions, both Defendants request the following:  "Pursuant to Rule 14(b) . . . that the Court order the Government to deliver to Ms. Ott's [and Ms. Claus'] counsel any of the co-defendants' statements the Government intends to use as evidence." (Doc. Nos. 57, 77, 85).  This request is outside the scope of Rule 14(b).  Rule 14(b) of the Federal Rules of Criminal Procedure provides this Court with discretion to "order an attorney for the Government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.  The rule does not address, let alone mandate, disclosure of co-defendants' statements to defense counsel by the Government.   Therefore, this Court recommends that Defendant Claus' Motion for Severance and for Disclosure of Co-Defendants' Statements (Doc. No. 57), and Defendant Stacie Marie Ott's Motion to Sever Defendant

6

(Doc. No. 85), and Motion for Disclosure of Co-Defendants Statements (Doc. No. 77), be denied.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that:

1. Defendant Claus' Motion for Severance and for Disclosure of Co-Defendants' Statements (Doc. No. 57), be **DENIED WITHOUT PREJUDICE**;

2. Defendant Stacie Marie Ott's Motion to Sever Defendant (Doc. No. 85), be **DENIED WITHOUT PREJUDICE**; and

3. Defendant Stacie Marie Ott's Motion for Disclosure of Co-Defendants' Statements (Doc. No. 77), be **DENIED**.


Date: September 10, 2010

*s/Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 24, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **14 days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely

order and file a complete transcript of the hearing within ten days of receipt of the Report.