UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 10-165(1)(DSD/JJK)

United States of America,

        Plaintiff,

v.                                                       **ORDER**

Gayle Deann Claus,

        Defendant.

    This matter is before the court upon the objections to the non-dispositive order of the magistrate judge by defendant Gayle Deann Claus. On September 8, 2010, Magistrate Judge Jeffrey J. Keyes granted in part defendant's numerous motions. See ECF No. 91. Defendant objects to the portions of the magistrate judge's order regarding timing of various disclosures; denial of her request for personnel files; denial of her motion for a bill of particulars; timing of Rule 807 notice; denial of her motions for oral voir dire by her attorney, additional peremptory challenges and presence of an investigator at trial; and objects generally to the order. Based on a review of the file, record and proceedings herein, the court concludes that the order of the magistrate judge is neither clearly erroneous nor contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).

    Defendant first makes several objections to the timing of disclosures. The magistrate judge ordered the government to produce the list of evidence it intends to use at trial, exhibit

list, witness list and Jencks Act material no later than seven days before trial. See Order ¶¶ 2, 4, ECF No. 91. The magistrate judge further ordered the government to disclose its experts and Rule 404(b) evidence no later than thirty days before trial. See id. ¶¶ 6, 14. Defendant argues that she should have all disclosures sixty days before trial, because of the volume and complexity of the evidence. Defendant, however, provides no authority for her request. Rule 16(a) does not specify a time for such disclosures. See Fed. R. Cr. P. 16(a). The Jencks Act does not require disclosure prior to the presentation of witness testimony at trial. See United States v. New, 491 F.3d 369, 376 (8th Cir. 2007). Rule 404(b) has no notice or time requirement. See Fed. R. Evid. 404(b). Moreover, defendants in non-capital cases have no right to require disclosure of government witnesses. United States v. DeCoteau, 186 F.3d 1008, 1009 n.2 (8th Cir. 1999). The court finds that the time for disclosures allowed by the magistrate judge is sufficient for defendant to prepare for trial, and, therefore, the order of the magistrate judge is neither clearly erroneous nor contrary to law.

Defendant next objects to the magistrate judge's denial of her motion for disclosure of the personnel files of each government witness. The magistrate judge denied the motion pending disclosure of the witnesses. In response, the government states that it will comply with its disclosure obligations under Brady v. Maryland, 373

U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). As a result, the court finds that the magistrate judge's order is neither clearly erroneous nor contrary to law.

Defendant next objects to the magistrate judge's denial of her motion for a bill of particulars. Defendant argues that the indictment does not sufficiently inform her of the nature of the charges against her. On September 15, 2010, however, the government filed a superseding indictment. See ECF Nos. 98, 107. Therefore, the court finds that this objection is moot.

Defendant next objects to the magistrate judge's order that the government provide fourteen days notice of its intent to seek admission of evidence under Rule 807 of the Federal Rules of Evidence. A "statement may not be admitted under [Rule 807] unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it ...." Fed. R. Evid. 807. Here, the court finds that fourteen days is sufficiently in advance of trial to allow defendant to meet the proposed admissions. Cf. United States v. Calkins, 906 F.2d 1240, 1245 (8th Cir. 1990) (two days notice sufficient). Therefore, the magistrate judge's order is neither clearly erroneous nor contrary to law.

Defendant next notes that she persists in her request for oral voir dire by the attorneys, additional peremptory challenges and an order permitting an investigator to be present at counsel table

during trial.  The magistrate judge correctly denied these motions without prejudice because they are aspects of trial procedure and management.  Defendant may renew her motions prior to trial. Therefore, the court finds that the magistrate judge's order was neither clearly erroneous nor contrary to law.

Lastly, defendant makes a general objection that the timing of the disclosures awarded her "guarantee[] that Ms. Claus's counsel will not have time to prepare to defend Ms. Claus competently." Def.'s Objections 3, ECF No. 100.  The court has already determined that the timing of the disclosures are sufficient to allow defendant's counsel to prepare for her defense.  Therefore, the court overrules this general objection.

Accordingly, **IT IS HEREBY ORDERED** that the court affirms the order [Doc. No. 91] of the magistrate judge.

Dated:  October 5, 2010

s/David S. Doty
David S. Doty, Judge
United States District Court