# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 10-165 (DSD/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| (1) Gayle Deann Claus,<br>(2) Nathan Daniel Jesh, and<br>(3) Stacie Marie Ott, | |
| Defendants. | |

Charles J. Kovats, Esq., and John R. Marti, Esq., Assistant United States Attorneys, counsel for Plaintiff.

Jon M. Hopeman, Esq., Felhaber Larson Fenlon & Vogt, PA, counsel for Defendant Claus.

Lyonel Norris, Esq., Assistant Federal Defender, counsel for Defendant Jesh.

William G. Cottrell, Esq., Cottrell Law Firm, PA, counsel for Defendant Ott.

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the Court on Defendant Gayle Deann Claus' Motion to Dismiss Counts 1 and 12-16 of the Superseding Indictment (Doc. No. 113.), and Renewed Motion to Sever Defendant (Doc. No. 110.)[1] This Court held a hearing on the motions on October 8, 2010. The matter was referred to the

---

[1] Defendants Stacie Marie Ott and Nathan Daniel Jesh join in both motions. (Doc. Nos. 116 and 127.)

undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1.

For the reasons stated below, this Court recommends that Defendant's motions be denied.

## BACKGROUND

On June 15, 2010, Defendant Gayle Deann Claus was indicted on one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1371. (Doc. No. 1.) Then, on September 28, 2010, the Government filed a seventeen-count Superseding Indictment charging Defendant Claus with one count of conspiracy to commit mail and wire fraud, ten counts of wire fraud, and one count of making a false statement in a loan application. (Doc. No. 98.) Among other things, the Government alleges that Defendant Claus took part in a conspiracy to fraudulently obtain loan proceeds by making materially false representations and promises and withholding material information about the residential property purchases orchestrated by agents of TJ Waconia LLC, and other affiliated entities (the "TJ Group"). (*Id.*) The Government alleges that Defendant Claus was an employee at Complete Real Estate Services, Inc., a company affiliated with TJ Waconia LLC, and that she falsified the income of nominal purchasers on a loan application, directed that an appraisal be falsified, fraudulently purchased properties from TJ Waconia and received kickbacks in connection with those fraudulent purchases. The Government also charges Claus with wire fraud

relating to these fraudulent transactions, and with making a false statement on a loan application to a bank. (*Id.*)

I.   **Motion to Dismiss Counts 1 and 12-16 of the Superseding Indictment.**

Defendant Claus argues that Counts 1 and 12-16 of the Superseding Indictment are legally deficient and should be dismissed. (Doc. No. 114.) She contends that Count 1, conspiracy to commit mail and wire fraud, is defective because it does not include the express scienter, "knowing", in the overt acts section. (*Id.*) She also argues that Counts 12-16 should be dismissed because no actor is alleged to have transmitted the wires described in the particular counts. (*Id.*) The Government responds that Count 1 of the Superseding Indictment is legally sufficient because the language preceding the overt acts section adequately sets forth the elements of the offense by alleging that defendant "unlawfully and knowingly conspired to commit an offense" and "knowingly caused to be sent, delivered, and moved by the United States Postal Service and interstate commercial carrier . . . " and "knowingly cause to be sent writings, sign and signals via interstate wire communications . . . ."[2] (Doc. No. 124.) As to Counts 12-16, the Government contends that the absence of the subject in paragraph 5 does not make the Indictment defective because Defendant Claus, as the sole defendant under Counts 12-16, is the subject of the

---

[2]   The Government also states that should this Court disagree that Count I of the Indictment is legally sufficient, "the Government is prepared to present a Superseding Indictment to the Grand Jury on October 18, 2010, to correct this perceived scrivener's defect." (Doc. No. 124.)

3

four preceding paragraphs, and it can be reasonably inferred that she is also the subject of paragraph 5 of Counts 12-16.[3] (*Id.*) This Court concludes that the Superseding Indictment is legally sufficient and should not be dismissed.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." "An indictment is sufficient 'if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution.'" *United States v. Summers,* 137 F.3d 597, 601 (8th Cir.1998) (quoting *United States v. Wessels,* 12 F.3d 746, 750 (8th Cir.1993), *cert. denied,* 513 U.S. 831 (1994)). Further, an indictment need not use specific language, "as long as by fair implication it alleges the charged offense." *U.S. v. Henderson*, 416 F.3d 686, 693 (8th Cir. 2005).

---

[3] The Government also indicated that "[t]o the extent that this omission or 'scrivener's error' caused defendant a lack of clarity regarding the nature of the charge, or caused her apprehension that she could again be charged in a subsequent prosecution with the same offenses, the government will endeavor to present a Superseding Indictment to the Grand Jury on October 18, 2010, that plainly identifies the defendant as the subject of paragraph 5 of Counts 12-16." At the hearing, counsel for Defendant Claus indicated that she wished the Court to rule on her Motion and determine whether the Indictment is legally sufficient. (*Id.*)

Here, Count 1 of the Superseding Indictment specifically recites the exact scienter requirement of the offense in paragraph four: "Gayle Deann Claus . . . unlawfully and knowingly conspired to commit an offense" and "knowingly caused to be sent, delivered, and moved by the United States Postal Service and interstate commercial carrier . . . in violation of Title 18, United States Code, Sections 1341 and 1343." (Doc. No. 98.) That the "overt acts" paragraphs in Count I do not repeat the scienter language does not make that Count 1 legally deficient, because "knowing" is expressly alleged elsewhere in Count 1. This is not a situation where the term "knowingly" was completely omitted from Count I of the Superseding Indictment. *Cf. U.S. v. Zangger*, 848 F.2d 923, 924 (8th Cir. 1988) (concluding that indictment was deficient where the term "obscene," an essential element of the crime, was completely omitted from the indictment). Regardless, a recitation of the exact scienter is not required as long as other words or allegations in the indictment fairly import guilty knowledge. *See U.S. v. McLennan*, 672 F.2d 239, 242 (1st Cir. 1982); *see also U.S. v. Santeramo*, 45 F.3d 622, 624 (2d Cir. 1995) (holding that scienter need not be expressly alleged where the indictment closely tracks the statutory language, and the language fairly imports knowledge). In sum, Count 1 adequately sets forth the elements of conspiracy to commit mail and wire fraud, references the statute at issue, and contains detailed, lengthy references to the dates, time, people, and places involved. Accordingly, this Court concludes that Count 1 of the Superseding Indictment should not be dismissed.

Nor are Counts 12-16 of the Superseding Indictment deficient. Defendant Claus is the sole Defendant whose name appears in upper-case, bold type in the introductory paragraph to Counts 12-16:

**COUNTS 12-16**
(18 U.S.C. §§ 1343, 2: Wire Fraud)

1. From in or about 2005 through in or about 2006, in the State and District of Minnesota and elsewhere, the defendant,

**GAYLE DEANN CLAUS**,

Aided and abetted by others, and aiding and abetting others, did devise a scheme and artifice to defraud and to obtain money by means of material false or fraudulent pretenses . . .

This is not a situation where a defendant's name was completly omitted from the Indictment or Counts 12-16. Rather, Defendant Claus's name is captioned in bold type under "Counts 12-16" and she is the sole Defendant discussed in key paragraphs preceding paragraph five. A plain reading of the Superseding Indictment makes clear that Defendant Claus is alleged to have transmitted the wires "for the purpose of executing the above-described scheme to defraud. . ." Accordingly, this Court concludes that Counts 12-16 of the Superseding Indictment are legally sufficient and should not be dismissed.

## II. Motion for Severance

Defendant Claus has renewed her motion for severance requesting she be given a separate trial from Defendants Ott and Jesh. (Doc. No. 110.)

6

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together . . .[because] they promote efficiency and serve the interests of justice by avoiding the scandal and inequality of inconsistent verdicts." *Zafiro v. United States,* 506 U.S. 534, 537 (1993) (internal quotation marks and citations omitted). Persons charged with conspiracy should generally be tried together, and it will rarely be improper for co-conspirators to be tried together. *United States v. Kindle*, 925 F.2d 272, 277 (8th Cir. 1991); *United States v. Stephenson,* 924 F.2d 753, 761 (8th Cir. 1991), *cert. denied*, 502 U.S. 813 (1991).

The propriety of joinder under Rule 8 is a question of law, though relief from a legally permissible joinder may be obtained as an exercise of discretion on motion for severance due to prejudice, pursuant to Fed. R. Crim. P. 14. *United States v. Patterson,* 140 F.3d 767, 774 (8th Cir. 1998). Availability of the Rule 14 remedy permits broad construction of Rule 8 in favor of initial joinder. *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984). A court should "grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Defendant Claus has been indicted on one count of conspiracy to commit mail and wire fraud, ten counts of wire fraud, and one count of making a false statement in a loan application. (Doc. No. 98.) Among other things, she now argues that severance is warranted because she is not the subject of all Counts in the Superseding Indictment. (Doc. No. 111.) For example, while Defendant Claus is the only defendant charged in Counts 12-16 and 17, Defendant Jesh is the sole defendant charged in Counts 7-11. (*Id.*) Defendant Claus contends that because the Government may introduce certain evidence against her Co-Defendant that would be inadmissible against her, severance is required. This Court disagrees.

The general rule in the federal system is that the co-conspirators should be tried together. And, Rule 8(b) provides that "defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Finally, the charges against Defendant Claus and her Co-Defendants arise from the same series of acts and transactions.

This Court may grant severance if it appears that a defendant is prejudiced by a joinder of defendants at trial. Fed. R. Crim. P. 14. A court should "grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Defendant Claus has not shown that severance of Co-Defendants is necessary either to avoid a risk of compromising any specific trial right to which each

Defendant is entitled, or to prevent the jury from making an unreliable judgment as to the guilt or innocence of each of them.

Defendant Claus contends that severance from her Co-Defendants is warranted because evidence admissible against her Co-Defendants would not be admissible against her. (Doc. No. 111 and Doc. No. 85.) She claims that the resulting prejudice could not be mitigated with a limiting instruction because the jury would be confused. (*Id.*) However, she has not made a particularized showing of how the evidence would prejudice her individually. *See United States v. Finn*, 919 F. Supp. 1305, 1323-24 (D. Minn. 1995) (stating that to prevail under Rule 14, Defendants "must each make a showing of real prejudice to themselves individually"). Without such a showing, this Court declines to grant a severance. Even if Defendant Claus can make some showing of "spillover effect," she is not entitled to severance "simply because evidence may be admissible as to [a co-defendant] but not as to [her]." *United States v. Helmel*, 769 F.2d 1306, 1322 (8th Cir. 1985). The justice and efficiency gained by joint trials cannot be overcome without a more exacting showing by Defendant Claus.

Next, Defendant Claus argues that severance is warranted because her Co-Defendants made statements to law enforcement officials that may incriminate her in violation of her Sixth Amendment right to confrontation, should her co-defendant choose not to testify, citing *Bruton v. United States*, 391 U.S. 123, 126 (1968). (Doc. No. 111 and Doc. No. 85.) *Bruton* applies only to facially incriminating confessions. *United States v. Logan*, 210 F.3d 820, 822 (8th Cir.

9

2000). *Bruton* does not apply when a co-defendant's statements do not incriminate the defendant either on their face or when considered with other evidence. *United States v. Rashid*, 383 F.3d 769, 777 (8th Cir. 2004). "If a co-defendant's confession does not incriminate the defendant on its face, but does so only when linked to additional evidence, it may be admitted if a limiting instruction is given to the jury and the defendant's name is redacted from the confession." *Id.* This is because "[i]f the non-testifying defendant's confession is capable of being redacted to eliminate any indication that the defendant existed, such a statement loses its prejudicial impact." *United States v. Martin*, No. CRI. 02-127 (ADM/AJB), 2002 WL 31426191, at *4 (D. Minn. Oct. 28, 2002) (citing *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)).

To be consistent with *Bruton*, a statement must be "redacted to eliminate not only the defendant's name, but any reference to his or her existence." For example, redactions replacing the defendant's name with "another individual," or words like "we," "they," and "someone" are permissible. *See id.* at 821-22; *United States v. Edwards*, 159 F.2d 1117, 1125-26 (8th Cir. 1998). But where a redacted co-defendant's statement has obviously been redacted, it "point[s] a finger directly at [the defendant]" even without mentioning his or her name, and is not sufficient. *Logan*, 210 F.3d at 822. Thus, "redactions that replace a proper name with an obvious blank, the word 'delete,' a symbol, or similarly notify the jury that a name has been deleted are similar enough to *Bruton*'s unredacted

confessions as to warrant the same legal results." *Gray v. Maryland*, 523 U.S. 185, 195 (1998).

The Government has submitted for *in camera* review the statements that potentially implicate *Bruton*'s protections. This Court has carefully reviewed the relevant statements, and concludes that to the extent the statements present a *Bruton* issue, they can be redacted consistent with *Bruton*. And, further *Bruton* protections can be re-evaluated at trial when the actual testimony is proffered.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that:

1. Defendant Claus' Motion to Dismiss Counts 1 and 12-16 of the Superseding Indictment (Doc. No. 113.), be **DENIED**;

2. Defendant Claus' Renewed Motion to Sever Defendant (Doc. No.110.), be **DENIED**.

Date: October 13, 2010

             *s/Jeffrey J. Keyes*
             JEFFREY J. KEYES
             United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 20, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief on or before **October 27, 2010**.[4] All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination

---

[4] At the hearing, the Court informed the parties that it would impose a shortened objection period.

11

of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.