**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

v.

Gayle Deann Claus,

        Defendant.

Criminal No. 10-165(1) (DSD/JJK)

**REPORT AND RECOMMENDATION**

Ana H. Voss, Esq., Assistant United States Attorney, for the Plaintiff.

Jon M. Hopeman, Esq., for the Defendant.

This case is before the Court, United States Magistrate Judge Jeffrey J. Keyes, on the government's Application for Writ of Garnishment (Doc. No. 214) and the Defendant's objections to the writ (Doc. No. 216). The Court held a hearing at the U.S. Courthouse, 316 No. Robert St., St. Paul, Minnesota, on August 4, 2015. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that the Defendant's objections be overruled and the garnishee be directed to pay the garnished funds to the government for application to the Defendant's restitution obligation.

## I.    BACKGROUND

Defendant Gayle Deann Claus pleaded guilty to conspiracy to commit mail and wire fraud on April 15, 2011.  On November 15, 2011, she was sentenced to a three-month term of imprisonment, to be followed by two years supervised release.  Pursuant to an amended sentencing judgment issued on May 11, 2015,[1] the Defendant was required to pay a restitution obligation of $2,855,682.50, an amount owed jointly and severally with two co-defendants in this action and multiple defendants in specified related criminal cases. Defendant owed Sun Trust Mortgage, Inc. the amount of $2,446,036.69 and Regions Mortgage was owed $409.645.81.  The total lump sum was "due immediately" in accordance with an express obligation to make "[p]ayments of at least $100.00 a month during the term of supervised release."[2]  (Doc. No. 212).

---

[1]    The amended sentencing judgment substantively differed from the initial sentencing judgment, issued on November 15, 2011 (Doc. No. 198), only with respect to the total restitution obligation amount.  The amount in the initial sentencing judgment was $2,874,035.14.  The amended sentencing judgment also identified the restitution payees and amounts payable to each of them.

[2]    The initial sentencing judgment also contained the provision for payment of at least $100 a month during supervised release, but provided for a minimum of $25 quarterly payments during the period of incarceration.  By Order on Petition to Amend Schedule of Payments issued on April 25, 2012 (Doc. No. 205), a minimum $25 monthly obligation was established after Defendant's release from prison, based on Defendant's medical and financial circumstances.  The amended sentencing judgment on May 11, 2015, reinstituted the initial $100 per monthly payment obligation.

By letter sent to the Defendant by the Assistant United States Attorney on

August 26, 2014, the government requested that the Defendant liquidate her

Individual Retirement Account ("IRA") to pay towards the restitution obligation.

(Doc. No. 222-1, Decl. of Berger, Ex. A).  A stipulation was executed on

December 9, 2014 (*Id.,* Ex. B), and the IRA account holder, American Funds

Service Company ("AFS"), was asked by the government to liquidate the account

and pay the proceeds to the Clerk of Court.  (*Id.,* Ex. C).  In response, AFS sent

back a form to be completed by the Defendant before the funds could be

released.  (*Id.,* Ex. D).  The Defendant did not complete the requested form,

compelling the government to proceed on this garnishment action by service of a

Writ of Garnishment, requiring the IRA account holder to identify and retain

property in its custody in which the Defendant has an interest.  (*Id.,* Ex. E).  AFS

answered the Writ of Garnishment, identifying the Defendant's IRA account as a

subject of the writ.  (Doc. No. 215).  The Declaration of Angela M. Mitchell that

was attached and incorporated into the Answer stated that the value of the IRA

fluctuated daily, and was $41,642.86 as of July 1, 2015; the IRA is subject to a

spendthrift provision, *i.e.*, a non-alienation clause; and the account may be

subject to a ten percent tax withholding.  (*Id.*)  Defendant objected to

garnishment and AFS's Answer, asserting that the garnishment is a breach of the

plea agreement by the government, and that garnishment is barred by the IRA

spendthrift clause.  (Doc. No. 216).  Defendant argues that her restitution

obligation is limited to the $100 per month amount that she is now paying.

## II.    ANALYSIS

**1.    ERISA Non-alienation.**  Defendant contends that the non-alienation

provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

§ 1056(d)(1), bars garnishment of her IRA account, and the ERISA prohibition on

alienation of pension benefits is not nullified by the Mandatory Victims Restitution

Act ("MVRA").  The government argues that the Defendant is responsible for

restitution under her plea agreement, and that the MVRA and the plea agreement

do not exclude the IRA as an asset available for restitution.  As to the ERISA

non-alienation provision, the government asserts that the MVRA, at 18 U.S.C. §

3613(a), authorizes the United States to garnish ERISA covered accounts by

providing that a restitution judgment may be enforced against all property

"[n]othwithstanding any other Federal Law."  *Id.*

The Defendant seeks to have the Court adopt the reasoning of the five-

judge dissent in *United States v. Novak*, 476 F.3d 1041, 1064-77 (9th Cir. 2007).

Based upon their interpretations of legislative history surrounding passage of the

MVRA and an amendment to the ERISA non-alienation provision, along with

statutory analysis, the dissenters took the position that the MVRA's

"nothwithstanding" clause did not unequivocally override the ERISA non-

alienation provision, and therefore, the MVRA did not effectively abrogate the

non-alienation provision to allow garnishment for restitution purposes. *Id.* The

ten-judge majority, however, found that garnishment of an ERISA covered

account was permissible in light of MVRA language allowing enforcement of

restitution orders against "*all* property or rights to property." "[*n*]otwithstanding

any other Federal law." *Novak*, 476 F.3d at 1046 (quoting 18 U.S.C. § 3613(a)

and adding emphases). The *Novak* majority opinion also cited several federal

district court decisions that were in accord with its interpretation of the interplay

between the MVRA and ERISA.[3]

Since *Novak*, the Fifth Circuit has also weighed in on whether the ERISA

non-alienation provision prohibits garnishment of pension fund contributions to

satisfy a criminal restitution order, concluding that the MVRA's "notwithstanding"

clause did indeed override the ERISA prohibition. *United States v. DeCay*, 620

F.3d 534, 540-41 (5th Cir. 2010) (holding that the "nothwithstanding" clause is a

clear statement of Congressional intent; and allowing garnishment is consistent

with MVRA's statutory scheme and purpose). Also, in a case from this district,

Magistrate Judge Mayeron concluded that the MVRA created an exception to the

ERISA non-alienation provision and overruled the defendant's objections to

---

[3]     *United States v. Lazorwitz*, 411 F.Supp.2d 634, 636-37 (E.D.N.C. 2005);
*United States v. James*, 312 F.Supp.2d 802, 805 (E.D.Va. 2004); *United States
v. Tyson*, 242 F.Supp.2d 469, 470-74 (E.D.Mich. 2005); *United States v. Rice*,
196 F.Supp.2d 1196, 1200-02-37 (N.D.Okla.. 2002); additional unpublished
cases omitted.

garnishment by the United States. *United States v. Andrews*, No. 12cr177

JRT/JSM (Doc. No. 101, Order at 6-7) (D. Minn. July 27, 2015). This Court

concludes that ERISA's non-alienation provision, 29 U.S.C. § 1056(d)(1), is not

effective to bar garnishment of the Defendant's IRA account for application of

proceeds to her restitution obligation. Defendant's objection to garnishment by

the United States on ERISA non-alienation grounds should be overruled.

      **2.**      **Consumer Credit Protection Act Limits.** Defendant argues that

allowing garnishment of her entire IRA account would conflict with a limitation in

the Consumer Credit Protection Act ("CCPA") under which no more than 25

percent of an individual's "disposable earnings" may be garnished. 15 U.S.C. §

1673. Here, the 25 percent CCPA limitation has no effect on the government's

right to garnishment.[4] As discussed previously, in *United States v. DeCay*, 620

F.3d 534, the court held that DeCay's IRA account was not protected by an

ERISA non-alienation provision. At the time, DeCay was only eligible for a lump-

sum withdrawal which could be cashed-out. *Id.* at 536, 545. On the other hand,

Barre, a co-defendant and co-appellant in the case, was currently receiving a

monthly pension benefit. *Id.* at 536. The court held that the monthly benefit

---

[4]    It appears to the Court that the Defendant is not necessarily asserting that the CCPA limit has direct implications with regard to the garnishment in this matter. Rather, Defendant argues, allowing garnishment of her entire IRA account would be in general conflict with the retirement income protections afforded under the CCPA.

payments to Barre were "earnings" under the CCPA which the United States could not garnish in an amount greater than 25 percent of the monthly pension benefit.  *Id.* at 544.  Defendant in this case is not receiving monthly retirement benefits from her IRA, but she is entitled to a lump sum pay out.  The CCPA garnishment limitation to which Barre was entitled is not implicated in this case because the United States does not seek to garnish current "earnings," even though the IRA account might be envisioned by the Defendant to be a source of earnings in the future.

      **3.**     **Restitution Order Modification.**  Defendant asserted in her initial objections that the garnishment is a violation of the plea agreement as expressed in the amended judgment, and that she is entitled to specific performance of the plea agreement.  (Doc. No. 216.)  However, in her post-hearing reply brief the Defendant acknowledges that under 18 U.S.C. § 3664(f) the district court has the option of reassessing her financial circumstances for purposes of modifying the restitution schedule and she suggests that "clarification" from the district judge should be obtained before such a modification.  (Doc. No. 226, Reply Mem. 6.)  But she asserts that adjustments to the payment schedule must take into consideration the factors stated at 18 U.S.C. § 3664(f)(2).  Those factors are: (1) the financial resources of the defendant; (2) the defendant's projected earnings and income; and (3) defendant's financial obligations.  *Id.*  Also, 18 U.S.C. § 3664(f)(3)(A) provides that the restitution order may direct the defendant to make

a lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments.  The Defendant argues that the government's position on the garnishment of her IRA account improperly takes the § 3664(f)(2) factors out of consideration and the garnishment is a restitution modification that must be based on the district court's determination that it will not lead to the Defendant's financial ruin.  (Doc. No. 226, Reply Mem. 6.)

This Court does not agree that proposed garnishment necessarily conflicts with the § 3664(f)(2) factors.  The Defendant IRA account is a financial resource, but is not one that provided a basis for calculating her current restitution payment schedule; she is not relying on her pension account for present earnings and income; and there is no claim and no evidence indicating that the account is needed to meet current financial obligations.  In short, garnishment of Defendant's retirement account does not involve a modification of the present restitution schedule at all, and there is no legal impediment to garnishment of the retirement account as a lump-sum amount.  *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (holding that the MVRA authorizes garnishment of pension benefits despite judgment specifying that restitution be paid in installments).

Finally, as indicated at the hearing, this matter is being submitted to the district court on report and recommendation and the final decision will be by district court order based on review of this Court's recommendation and in light of

8

any objections by the parties. *See United States v. Lawrence*, 538 F. Supp. 2d

1188, 1191-92 (D.S.D. 2008) (observing that some FDCPA decisions have been

rendered by final appealable orders of magistrate judges, while in other cases

the magistrate judges' decisions have been presented by report and

recommendation, and that "the safer and more appropriate course of action . . . is

to simply issue a report and recommendation.")[5]

## RECOMMENDATION

It is recommended that Defendant's Objections to Clerk's Notice of Post-

Judgment Garnishment and to Answer of Garnishee American Funds (Doc. No.

216) be **overruled**, and that the United States' Application for Writ of

Garnishment (Doc. No. 214) be **GRANTED**.


Date: August 25, 2015


*s/ Jeffrey J. Keyes*

JEFFREY J. KEYES
United States Magistrate Judge

---

[5]    In a case related to this one, *United States v. Quam,* No. 10cr237 DSD/BRT (D. Minn. July 21, 2015), Magistrate Judge Thorson previously determined that this same issue of garnishing a pension account for restitution purposes was properly presented to the district court by report and recommendation. Magistrate Judge Thorson also concluded that garnishment of a retirement account did not conflict with a court-ordered payment plan and was a permissible means of obtaining restitution. The report and recommendation in *Quam* (Doc. No. 45) is pending before the district court.

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 8, 2015,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.