UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                    Criminal No. 10-165(DSD/JJK)

United States of America,

       Plaintiff,

v.                                              **ORDER**

Gayle Deann Claus,

       Defendant.

    Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, attorneys for plaintiff.

    Jon M. Hopeman, Esq., Felhaber Larson, 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402, attorneys for the defendant.

    This matter is before the court upon the objections by defendant Gayle Deann Claus to the August 25, 2015, report and recommendation (R&R) of Magistrate Judge Jeffrey J. Keyes. The magistrate judge recommended that the court deny Claus' objections to the government's application for writ of garnishment. Claus objects to the R&R.

    The court reviews the report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b). After a review of the file and record, the court finds that the report and recommendation is thorough, well-reasoned, and correct.

    The underlying facts are not in dispute and will not be repeated here except as necessary. On July 13, 2015, the government filed an application for writ of garnishment to collect,

in part, on Claus' $2,855,682.50 restitution obligation ordered under the Mandatory Victim Restitution Act (MVRA).  The government requested that Claus' individual retirement account (IRA) with American Funds Service Company be liquidated to pay towards the restitution obligation.  Claus argues that the writ of garnishment is unenforceable because (1) she is only obligated to pay $100 per month in restitution, as stated in her criminal judgment, (2) pursuant to the Employee Retirement Income Security Act (ERISA), retirement accounts are exempt from garnishment, and (3) Claus may incur tax liability from the garnishment and should be allowed to retain a portion of the IRA to cover this potential liability.  The court disagrees.

First, as set forth in the R&R, the existence of a payment plan in a criminal judgment does not preclude the government from seeking victim restitution through other avenues.  See, e.g., United States v. Ekong, 518 F.3d 285, 286 (5th Cir. 2007).  Despite her argument to the contrary, nothing in Claus' judgment undermines the application of this well-recognized rule.  Indeed, Claus' judgment expressly states that she shall make "[p]ayments of at least $100.00 a month."  ECF No. 212, at 6.  Claus' objection to garnishment by the government on the basis of the payment plan is overruled.

Second, the MVRA authorizes the United States to garnish ERISA covered accounts by providing that a restitution judgment may be

enforced against all property "[n]otwithstanding any other Federal law."  18 U.S.C. § 3613(a); see also United States v. Hosking, 567 F.3d 329, 334 (7th Cir. 2009) ("[T]he MVRA allows a district court to consider a defendant's retirement plan as a source of funds to pay restitution."); United States v. Novak, 476 F.3d 1041, 1046-49 (9th Cir. 2007) ("[T]he treatment in § 3613(a) of other federal statutory anti-alienation provisions indicates that Congress intended to override ERISA's anti-alienation provision and allow the government to reach defendants' ERISA-covered retirement plan benefits when enforcing criminal restitution orders."); United States v. Irving, 452 F.3d 110, 126 (2nd Cir. 2006) ("ERISA pension plans are not exempted from payment of taxes under 26 U.S.C. § 6334, and thus they should not be exempted from payment of criminal fines.").  The non-alienation provision of ERISA, 29 U.S.C. § 1056(d)(1), does not bar garnishment of Claus' IRA for application of proceeds to her restitution obligation.  Claus' objection to garnishment by the government on ERISA non-alienation grounds is overruled.

Finally, the Court declines to set aside a portion of Claus' IRA for the potential that she may incur additional tax liabilities.  The underlying policy of the MVRA is "to ensure that the loss to crime victims is recognized, and that they receive the restitution that they are due."  United States v. Ekanem, 383 F.3d 40, 44 (2d Cir. 2004) (quoting S. Rep. No. 104-179, 1996

3

U.S.C.C.A.N. 924, 925). This policy supports not only the right to full restitution, but also to timely restitution. 18 U.S.C. § 3771(a)(6). Claus possesses assets from which she can pay part of her court-ordered restitution. The victims have a right to receive those funds now, especially when there is property available to satisfy the judgment. Claus' objection to garnishment by the government based on her potential to incur tax liability is overruled.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objections [ECF No. 228] to the R&R are overruled;

2. The R&R [ECF No. 227] is adopted in its entirety; and

3. The application for writ of garnishment [ECF No. 214] is granted.


Dated:   September 15, 2015


                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court